UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN COATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00564-WTL-DKL |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Justin Coates for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 15-01-0158. For the reasons explained in this Entry, Coates' habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 16, 2015, Internal Affairs (IA) Officer Mavis Grady wrote a Report of Conduct in case CIC 15-01-0158 (dkt. 12-1, Ex. A). The conduct report states:

> Based on the evidence collected in this investigation, Offender Coates, Justin #119558 forged another offender's name on a InTouch Commissary order form and had this order sent to the home of Danyale Joyce at 1127 S. Lincoln St., Evansville, IN. This commissary order was placed on Dec. 15, 2014.
>
> Offender Coates violated the Adult Disciplinary Code Class-A Violation of any Federal, State or Local Law. Indiana Criminal Code 35-43-5-3.8 Synthetic Identity Deception – (a) a person who knowingly or intentionally obtains, possess, transfers, or uses the synthetic identifying information: (2) with intent to assume another person's identity.

IA Officer Grady also wrote a report of investigation of incident which elaborated:

> On January 12, 2015, I Investigator Mavis Grady looked into a matter where an offender stated the [sic] did not place an In Touch Commissary order in December. After reviewing the information provided to me by Pen Products there was a $370.34 order made and sent to Danyale Joyce at 1127 S. Lincoln Park Ln, Evansville, IN 47714. Ms. Joyce received this order by way of UPS on December 22, 2014.
>
> Offender Justin Coates #119558 is the only offender at CIF who has Ms. Joyce on his visiting list and phone list. While listening to Offender Coates phone call to Ms. Joyce dated 12/23/14 at 21:47, Offender Coates asks Ms. Joyce if she got all that shit. Offender Coates and Joyce discussed the 4 big and 2 small teddy bears she received. Offender Coates told Ms. Joyce that the gifts cost him $400 but he received a discount. On a earlier date before Ms. Joyce received the InTouch order, on 12/19 at 15:05 Offender Coates tells Ms. Joyce to expect a big package.
>
> A review of the inmate's account who's name was forged shows $370.34 was taken out of his account for this commissary order. There were no funds in this amount taken out of Offender Coates inmate account.
>
> Based on the documentation received and [t]he phone conversations between Offender Justin Coates and Ms. Danyale Joyce, Offender Coates violated IC 35-43-5-3.8-(A) A person who knowingly or intentionally obtains, possesses, transfers or uses the synthetic identifying information: (2) with intent to assume another person's identity. By using another person's identity, Offender Coates placed an InTouch order and sent it to Danyale Joyce for Christmas.

2

(Dkt. 12-2, Ex. A-1).

On January 27, 2015, Coates was notified of the charge of (A-100) violation of law and served with a copy of the conduct report and the screening report. Coates was notified of his rights and pleaded not guilty. Coates requested a lay advocate, Hawkins (#912086), and Hawkins was later appointed as Coates's lay advocate. Coates requested a witness statement from the offender whose commissary account Coates forged. Coates also requested "all evidence due to this conduct report." (Dkt. 12-3, Ex. B). Prison staff noted on the screening report that Coates's request was "Denied by IA Report – Confidential Information." *Id.*

The screening officer, E, Fonseca, gave the following statement:

> On 1/27/15 at 2:38 pm, I ofc E, Fonseca was conducting a Disciplinary Hearing Screening report on offender Coates, Justin 119558 Conduct report CIC 15-01-0158. During the screening offender Coates advised me that the InTouch commissary form from the conduct report was placed because the alleged victim owed offender Coates. This In Touch commissary was placed as a form of repayment to offender Coates. Offender Coates claimed the alleged victim had direct knowledge and willingly placed the order for the In Touch commissary.

(Dkt. 12-5, Ex. B-2).

The disciplinary hearing in case CIC 15-01-0158 was held on February 3, 2015. Coates made the following statement during the hearing:

> He came to my door and needed food 50 dollars worth so I made him a deal. He was as high as a motherf****r, and we did this a couple different times. He signed the order form we both put it in the bay. I did not sign anything. It was a [sic] even trade.

(Dkt. 12-6, Ex. C). The Disciplinary Hearing Officer ("DHO") found Coates guilty of A-100 a violation of state law, particularly, Ind. Code § 35-43-5-3.8(a)(2), which states: "A person who knowingly or intentionally obtains, possesses, transfers, or uses the synthetic identifying

information: … (2) with intent to assume another person's identity … commits synthetic identity deception, a Level 6 felony." In making this determination, the DHO considered staff reports, the offender's statement, and the IA Information. The DHO stated: "All evidence indicate a violation of IC 3543-5-3.8." The DHO imposed the following sanctions: a written reprimand, 45 days' lost commissary and phone privileges, restitution of $ 370.34, 180 days' disciplinary segregation, 180 days' earned credit time (ECT) lost, and a demotion from credit class one to credit class two.

Coates appealed the disciplinary action to the head of the facility. He argues that he was denied a witness statement and "evidence." Dkt. 1 at 2. The first level appeal was denied on February 16, 2015. Coates's appeal to the final reviewing authority for the IDOC was denied on March 17, 2015.

### C. Analysis

Coates alleges that his due process rights were violated because IA denied his request for a witness statement from the offender who accused Coates of forging his name on the order form. He also argues that he requested "all evidence" in the case, but was not provided anything. Coates claims that the other offender's signature was exculpatory evidence. He explains that the other offender signed the order form and when their signatures are compared, the Court will conclude that the other offender signed the order form.

In response, the respondent argues that the evidence Coates requested was properly presented to the DHO, but it was withheld from Coates's viewing. So Coates was not denied the opportunity to present evidence because the evidence was provided to the DHO. (Dkt. 14, Sealed Exs. F, G, G-1, H, I, J, K, L).

Although Coates has a due process right to present evidence in his defense, his "rights to call witnesses, to present evidence, and to confrontation may be circumscribed and even denied if exercising these rights would be 'unduly hazardous to institutional safety or correctional goals.'" *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985) (citations omitted). The respondent argues that allowing Coates to review the investigative techniques by IA, including how IA first learned of this incident; (2) what information is held by Respondent in IDOC's computer records, etc.; (3) who was involved in the investigation; and (4) and details about the recording systems relied upon by the Respondent for institutional security would be hazardous to institutional safety.

This court has reviewed the confidential information *in camera* and finds that it is reliable and properly withheld from the petitioner. No exculpatory evidence was withheld from Coates. *See Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir. 2003) (holding that offenders have a due process right to material exculpatory evidence) [hereinafter *Piggie I*]. In particular, Coates was not prejudiced by this decision because the signatures in the internal affairs file do not reflect that the inmate whose identity was used to make the purchase signed the order form. The conduct report and the investigation report given to Coates described the facts underlying the disciplinary charge in sufficient detail that Coates was put on notice regarding the charge and was able to present a defense. Coates admits to the underlying facts, but he alleges that the other offender willingly made the commissary order to pay back Coates. The DHO was not required to believe Coates despite the Internal Affairs records which undercut his statements. *See Henderson v. U.S. Parole Com'n*, 13 F.3d 1073, 1078 (7th Cir. 1994) ("the DHO was not required to accept as true either [the petitioner's] version of the events or that of his three witnesses"). Nor did Coates have the right to cross-examine the offender/victim in this context, *Rasheed-Bey v. Duckworth,* 969 F.2d

5

357, 361 (7th Cir. 1992) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 322-23 (1976)); *see also Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials."), and he may not accomplish indirectly what he cannot accomplish directly.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Coates to the relief he seeks. Accordingly, Coates' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/5/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN COATES
119558
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel